IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CURTIS L. CAMPBELL,  )
                                           ) Civil Action No. 07 - 168J
             Petitioner,  )
                                           )
v.  )
                                           )
JOHN YOST, In His Official Capacity as  )
Warden, F.C.I. Loretto; FEDERAL  )
BUREAU OF PRISONS,  )
                                           )
             Respondents.  )

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

It is respectfully recommended that the *Petition for Writ of Habeas Corpus* be denied for failure to properly exhaust administrative remedies.

**II. REPORT**

Curtis Campbell, a federal prisoner currently incarcerated at the Federal Correctional Institution at Loretto, Pennsylvania, brings a *Petition for Writ of Habeas Corpus* under 28 U.S.C. § 2241 claiming that the Bureau of Prisons (BOP) erroneously denied him eligibility to receive a sentence reduction under the residential drug abuse treatment program in 18 U.S.C. § 3621. Petitioner is serving a 22 year term of imprisonment for drug trafficking offenses in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A)(iii). Petitioner sought to participate in the Bureau of Prisons 500-hour Residential Drug Abuse Treatment Program (RDAP), upon completion of which he would be eligible for consideration for a reduction in the term of his imprisonment of up to one year. The BOP determined that Petitioner did not meet the eligibility criteria for participation in the Program based upon the fact that he did not have a record of substance abuse during the twelve-month period

immediately preceding his incarceration. For the reasons outlined below, the Petition should be denied on the basis that Petitioner failed to exhaust his available administrative remedies.

## A. Exhaustion

A federal prisoner seeking habeas relief under 28 U.S.C. § 2241 first must exhaust administrative remedies before bringing his or her claim to federal court. United States v. Wilson, 503 U.S. 329, 334-335 (1992); Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3d Cir. 1996); United States v. Keller, 58 F.3d 884 (2d Cir. 1995); United States v. Brann, 990 F.2d 98, 104 (3d Cir. 1993). The exhaustion requirement applies to claims regarding a prisoner's eligibility to receive a sentence reduction under the RDAP in 18 U.S.C. § 3621. *See, e.g.*, Beckley v. Miner, 125 Fed.Appx. 385, 389, 2005 WL 256047, *3 ( 3d Cir. Feb 3, 2005) (holding that the court had no subject matter jurisdiction over prisoner's claim concerning transfer to RDAP facility due to prisoner's failure to exhaust BOP remedies); Rosenfeld v. Samuels, 2008 WL 819630, 1 (D.N.J. March 26, 2008) (noting applicability of BOP exhaustion requirement for prisoner alleging improper denial of eligibility for RDAP).

Federal courts developed the exhaustion doctrine for several reasons: 1) to facilitate judicial review by allowing the appropriate agency to develop a factual record and apply its expertise; 2) to conserve judicial time and costs because the agency might grant the relief sought; and 3) administrative autonomy requires that an agency be given an opportunity to correct its own errors. McKart v. United States, 395 U.S. 185, 194 (1969); United States ex rel. D'Agostino v. Keohane, 877 F.2d 1167, 1173-74 (3d Cir. 1989); Arias v. United States Parole Commission, 648 F.2d 196, 199 (3d Cir. 1981). "The forum with the primary jurisdiction does not simply provide a preliminary determination, but a final one, and the grant of a habeas writ is intended to be the

2

exception, not the rule." Sanchez v. Miller, 792 F.2d 694, 698 (7th Cir. 1986), *cert. denied*, 479 U.S. 1056 (1987). Circumvention of the administrative process diminishes the effectiveness of the agency by encouraging prisoners to ignore its procedures. McKart, 395 U.S. at 195. The petitioner has the burden of establishing that exhaustion has been met. Gonce v. Redman, 780 F.2d 333, 336 (3d Cir. 1985); Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982); Harper v. Mazuriewicz, 849 F. Supp. 377, 379 (E.D. Pa. 1994).

BOP's Administrative Remedy Procedure (ARP) is codified at 28 C.F.R. Part 542. First, inmates must attempt to informally resolve the issue before filing a request for administrative remedy. 28 C.F.R. § 542.l3(a). Second, if an inmate is unable to informally resolve his complaint, he may file a formal written complaint (form B-9), within 20 calendar days of the date on which the basis of the complaint occurred. 28 C.F.R. § 542.l4(a). The inmate must date and sign the request and submit it to the institution staff member designated to receive such requests (ordinarily a correctional counselor). 28 C.F.R. § 542.l4(c)(4). The warden has 20 calendar days in which to respond. 28 C.F.R. § 542.18. If an inmate is not satisfied with the warden's response, he may submit an appeal on form B-10 to the Regional Director within 20 calendar days from the date of the warden's response. 28 C.F.R. § 542.15(a). The Regional Director has 30 calendar days in which to respond. 28 C.F.R. § 542.18. Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may be appealed to the General Counsel within 30 calendar days from the date of the Regional Director's response. 28 C.F.R. § 542.15(a). The General Counsel has 40 calendar days to respond. 28 C.F.R. § 542.18.

### B. Petitioner's Compliance with Administrative Remedies

On April 2, 2007, Petitioner was advised that he was deemed ineligible for RDAP

participation because his Pre-Sentence Report did not support a diagnosis of substance abuse (doc. no. 7-3, p. 16). On April 9, 2007, Petitioner filed an Inmate Informal Resolution Form. On May 24, 2007, Petitioner submitted a Request for Administrative Remedy in which he complained that the Residential Drug Treatment Coordinator failed to respond to his Informal Resolution Form and that he erroneously had been denied eligibility in the RDAP. On June 11, 2007, the Warden denied Petitioner's Administrative Remedy Request due to, *inter alia*, the lack of evidence in Petitioner's central file to support a substance abuse/dependence diagnosis within the last period of 12 consecutive months prior to his incarceration (doc. no. 7-3, p. 25). The Warden's denial specifically advised Petitioner that he could appeal to the Regional Director within twenty calendar days of the response. *Id*. Plaintiff admits that he did not file any further appeal to either the Regional Office or General Counsel.

Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action. Fuller v. Rich, 11 F.3d 61 (5th Cir. 1994); Fraley v. U.S. Bureau of Prisons, 1 F.3d 924 (9th Cir. 1993). These exceptions apply, however, only in "extraordinary circumstances" and a petitioner bears the burden of demonstrating the futility of administrative review. *Id*. Petitioner's allegations do not demonstrate extraordinary circumstances or futility.

Petitioner's failure to appeal the Warden's denial amounts to a default of those claims. Moscato, 98 F.3d at 762. To overcome the default, Petitioner must establish cause for his default and prejudice. *Id*. In this case, Petitioner has not met that burden. Specifically, he has failed to demonstrate that some objective factor prevented him from filing the required administrative

4

appeals. Thus, because Petitioner failed to follow the proper procedure in resolving his claim, this Court is required to dismiss his habeas petition for failure to properly exhaust his available administrative remedies. See Moscato, 98 F.3d at 760; Kennedy, 851 F.2d at 689.

### III. CONCLUSION

Petitioner has failed to properly exhaust his administrative remedies and has failed to demonstrate that the exhaustion requirement should be excused. For the foregoing reasons, this Court respectfully recommends that the *Petition for Writ of Habeas Corpus* be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

_____
Lisa Pupo Lenihan
United States Magistrate Judge

Dated: May 8, 2008

cc: The Honorable Arthur J. Schwab
United States District Judge

all parties of record